TOWNSEND, Respondent, v. WEISENBURGER et al., Appellants.

(142 N. W. 253.)

**1.  Evidence—Costs on Chattel Foreclosure—Admissibility.**

In a chattel mortgage foreclosure suit, brought after foreclosure by advertisement was begun, mortgagor having procured an order for foreclosure in court, evidence of amount mortgagee had paid sheriff for fees and expenses on the attempted statutory foreclosure, including a receipt by sheriff specifying items of his charges, was inadmissible, without proof that the charges were lawful and reasonable; no evidence appearing showing the receipt as any part of the statutory report required of sheriff.

**2.  Payment—Foreclosure on Note—Partial Payments—Sufficiency of Evidence.**

In a suit to foreclose a mortgage securing a note bearing indorsements of alleged partial payments, evidence held not to sustain a finding of amount of partial payments.

(Opinion filed June 24, 1913.)

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Frederick B. Townsend against Jacob Weinburger and others, to foreclose a chattel mortgage. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed, and new trial granted.

*Bartine & Bartine,* and *Chas. D. Howe,* for Appellants.

To entitle plaintiff to sheriff fees, he should allege and prove mileage and other fees. To allow plaintiff to testify as Exhibit "C," a receipt from the sheriff was inadmissible for all the reasons set out in the fourth assignment and particularly because it was hearsay and not binding on defendants.

On the trial it appears that the indorsements are erroneous, except as to the payment of the $1,200—none of the rest are sustained by a single witness.

*Brown & Brown,* for Respondent.

Plaintiff gave in evidence the sheriff's receipt for his fees, duly itemized. The appellants do not set out this receipt, which was for $27.45 in all. The sheriff's fees are provided by statute, and it does not require any proof to show that the statutory allowances are reasonable. This itemized receipt set forth the charge for each act done and each mile traveled up to the time the injunction was served upon the sheriff.

The note and indorsements thereon was received in evidence without objection. The note was made November 8, 1909, due November 8, 1910, for $7,000, with interest at 10 per cent; therefore on November 8 there was $700 interest due on it. The indorsements show this amount of interest paid, and $2,100 paid on the principal, or a total payment on the note of $2,800. The defendants testify to a payment of $1,600 made about December 1 or 2, 1910, by a check dated November 30, and to another payment of $1,200 made about February 3. Neither of these are disputed by the plaintiff and the amounts of these two payments are exactly the amount indorsed on the note. The $1,200 indorsement is dated about the time when that amount was paid, but the $1,600 payment is credited in three items, and under two different dates, the first date being November 10, 1910, paid $600 and interest paid to November 8, 1910; and January 31, 1911, $300 paid on the principal. The court finds that no other sums were paid on the note than these.

The rule is that findings based on conflicting evidence cannot be disturbed on appeal.

WHITING, P. J. Upon November 8, 1909, defendants gave plaintiff their promissory note for $7,000, bearing interest at 10 per cent. per annum from date and due November 8, 1910. At the same time and to secure said note they gave plaintiff a chattel mortgage upon a large number of horses and cattle. After the maturity of said note plaintiff commenced foreclosure thereof by advertisement and sale, but defendants procured an order requiring plaintiff to foreclose in court. Plaintiff then brought this action to foreclose such mortgage. The complaint admits the following payments on said note: Interest to November 8, 1910; $600 on principal paid November 10, 1910; $300 paid January 31, 1911; $1,200 paid February 3, 1911. The plaintiff asked to recover,

as part of his judgment, certain expenses connected with the attempted foreclosure by advertisement and sale. The answer alleges the following payments: $1,050 on or about November 10, 1910; $1,600 on or about December 2, 1910; $1,200 on or about February 1, 1911. The answer alleged an agreement whereby, for valuable consideration, plaintiff extended the time for payment of balance due upon the note, and that, under the terms of such agreement, the balance was not yet due. The answer denies plaintiff's right to recover the expenses alleged to have been incurred on the attempted foreclosure by advertisement and sale.

Trial was had to the court without a jury. The court found with the plaintiff upon all issues, finding, among other things, that payments were made as alleged in the complaint; that the balance was due; that plaintiff was entitled to recover the expenses incurred on the attempted foreslosure by advertisement and sale. The conclusions of law were in favor of plaintiff's right to foreclose. Judgment for amount unpaid on note and expenses incurred on the attempted foreclosure with decree for foreclosure was rendered. Motion for new trial having been denied, defendants appealed to this court from the judgment and order denying a new trial.

Numerous assignments of error are presented by the record, most of which are based upon the court's rulings admitting or excluding evidence. Appellants assign the insufficiency of the evidence to support the findings, and especially the findings regarding the payments that had been made on the note. Most of the assignments, except those based upon insufficiency of the evidence to support the findings, are so clearly without merit as to demand no attention from this court.

[1] The trial court admitted evidence to prove the amount of money plaintiff had paid to the sheriff for sheriff fees and expenses on the attempted statutory foreclosure. This evidence included a receipt given by the sheriff, which receipt specified the items of his charges. This evidence was properly objected to upon the ground that it was all incompetent without further proof showing the charges to be lawful and reasonable. No such further proof was offered. The court should have rejected this evidence, but instead thereof found for plaintiff the amount paid the sheriff and incorporated such amount in the judgment ren-

dered.   There was no evidence showing the sheriff's receipt to have been any part of the report which the statute requires him to make and file in the office of the register of deeds, and it was therefore no proof of the legality of his charges.   The trial court was clearly right in finding that the balance unpaid was past due, as appellants failed to furnish competent evidence of the alleged agreement for an extension of time within which to pay balance of note.

[2] We think the court was not warranted in its finding regarding the payments that had been made.   The note itself bore the following indorsements:  "Nov. 10th, 1910, pd. $600.  Interest pd. to Nov. 8-10.  $300 pd. on principal Jan. 31-11.   $1,200 pd. on principal Feb. 3-11."

Plaintiff was a nonresident of this state, and the note in suit was payable at the Citizens' State Bank of Oacoma and was, by the plaintiff, left with said bank for collection.   One Dirks was the cashier of said bank and seems to have had entire charge of this collection.   Defendants testified that on or about November 10, 1910, Dirks demanded that a payment be made upon this note and that, for the purpose of raising money to make a payment thereon, they negotiated a loan of $3,000 from the said Dirks. This loan was secured by a mortgage on certain lands, against which there were prior mortgages securing two notes which, with interest, aggregated some $1,950.   Defendants testified that from this loan of $3,000 there were to be and were paid the incumbrances then against the land, and that the balance was to apply upon this note in suit.   Dirks testified to the making of this $3,000 loan, but he failed to in any manner fix the time when said loan was made.   He agreed that said loan was in part to take up the two loans then secured upon said land, but claims that the immediate purpose of said loan was that defendants might raise the money necessary to take up a note which he claims was held against defendants by a trust company of which he was an officer and which note was due November 1, 1910; this last-mentioned note being for $866.52.   He testified that, out of the $3,000, the two notes secured by mortgages on the land were paid off; that the $866.52 note was canceled and sent to the defendants; and that the balance of the $3,000 was remitted to the defendants.   There is no dispute as to the payment of the two notes that stood against

the land; one amounting to $1,030 being paid December 2, 1910, the other amounting to $933.28 not being paid until January 31, 1911. There is an irreconcilable conflict in the evidence as to whether any part of the $3,000 was to apply upon the note in suit. Defendants deny that they ever gave the $866.52 note, and deny ever having received the consideration for which it is claimed by Dirks that he took this $866.52 note. There is no dispute whatsoever as to the $1,200 indorsement. Jacob Weisenburger testified that in November, 1910, he sold some of the stock covered by the mortgage in suit, selling the same to live stock dealers at Sioux City, Iowa; that he received in payment for said stock a check for $1,618.56; that he indorsed this check and turned it over to Dirks, receiving thereon the $18.56 with the agreement that the $1,600 should be applied upon the note in suit. This check was received in evidence. The check was dated November 30, 1910, and appears to have passed through the bank of which Dirks was cashier, the indorsement of said bank by said Dirks as cashier appearing upon the back thereof; and this check appears to have been paid upon December 7, 1910. It is therefore clear that some time between November 30, 1910, and December 7, 1910, this check came into the hands of said bank. The plaintiff offered no testimony whatsoever in relation to this check. It thus stands undisputed in the record that $1,600 was paid in some time between November 30, 1910, and December 7, 1910, to apply upon the note in suit. We find it absolutely impossible to reconcile the findings of the court to the evidence herein.

The plaintiff offered no evidence explaining the three indorsements of $600, the interest, which amounted to $700, and the $300. It will be seen that these three amount to the exact amount paid in out of the $1,618.50 check, and respondent's counsel in their brief claim that the $1,600 received on this draft is credited by these three indorsements. He argues that the check was probably not reported paid until about December 10th, and that by error they indorsed the payment of $600 as November 10th instead of December 10th; he confesses he cannot explain the delay in the $300 indorsement. If these indorsements were placed upon the note owing to the deposit of such draft turned into the bank at some date between November 30th and December 7th, it was

for the witness Dirks and not, respondent's attorneys to explain why the indorsements of $600 and the interest appear thereon as of a prior date, and why the $300 balance was not credited thereon until January 31, 1911. Defendants received no credit, in the court's findings or judgment, for the interest on the $300 nor on the $933.28 payment, which also was not made until January 31, 1911. No good excuse for not stopping interest on the note for which the $933.28 was charged defendants by Dirks was offered by him. As noted above, the plaintiff alleged and the court found that the $600 was paid on November 10th and also found that the $700 was paid upon the same date, and the plaintiff has wholly failed to explain from what source these two payments came; and it will be noticed that the date found by the court as the date of the $700 and $600 payments is identical with the date when defendants claim they negotiated the loan out of which they should have received a credit upon this note of some $1,050. We are at a loss, upon defendants' testimony, to determine where the other $250 (to make up the $1,300 credited on November 10th) as well as the $300 indorsed on January 31st came from, while from Dirk's testimony we are unable to find any explanation whatsoever of his failure to credit defendants with the $1,600 under date it was received.

When we consider how readily Dirks might have established the true date of the $3,000 loan (if November 10, 1910, was not its true date) by the introduction of the note and mortgage given thereon, and how easy it should have been for him to have proven the payment of the balance of the $3,000 loan claimed by him to have been remitted to the defendants, how easy it should have been for him to explain the $1,600 received and how credited, we think the trial court should have given but little weight to his testimony and was not justified in finding that defendants had lied. Furthermore, as indicating the unreliable nature of plaintiff's testimony, while the said $600 is indorsed under date of, and the court finds the same and the $700 paid, November 10, 1910, the plaintiff swears that he received from the bank, through Dirks the following payments: $1,000 on January 31, 1911; $1,200 on February 3, 1911; and $600 on October 2, 1911. It thus appears from the plaintiff's own testimony that the bank failed to report the $700 payment for the period of some 2½ months and failed to

report the $600 payment for nearly 11 months. With the evidence before it showing such facts, the trial court was not justified in giving much weight to the contents of the books of the bank or to the oral testimony of the cashier thereof, and certainly had nothing before it that justified it in finding that the $1,600 payment was represented by the first three indorsements on the note. Believing, therefore, that the findings regarding the payments were not supported by the evidence, we are of the opinion that a new trial should be granted.

The judgment and order appealed from are reversed.